[ECF No. 31]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEVAKAR, INC. et al., <br><br> Defendants. | Civil No. 22-5683 (RMB/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the unopposed Motion to Seal filed by Defendants Nevakar Injectables, Inc. and Nevakar Inc. [ECF No. 31] (collectively, the "Nevakar Defendants"). Defendants' motion is supported by the Declaration of Darren M. Geliebter, Esquire [ECF No. 31-1] and an Index [ECF No. 31-2]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendants' motion is **GRANTED**.

On September 23, 2022, Plaintiff Nexus Pharmaceuticals, Inc. filed this action against Defendants asserting claims of patent infringement. *See* Compl. [ECF No. 1]. Specifically, Plaintiff is the holder of U.S. Patent No. 11,426,369, relating to a ready-to-use syringe product for the treatment of hypotension occurring in the setting of anesthesia. *Id.* ¶¶ 1–5, 55–57. Plaintiff alleges that Defendants' prefilled syringe product infringes on its patent and asserts a claim of direct infringement and a claim for declaratory relief. *See id.* ¶¶ 81–110. On November 2, 2022, the Nevakar Defendants filed an Answer under temporary seal [ECF No. 24].

The Nevakar Defendants now move to redact and seal portions of their Answer. In particular, they seek to redact and seal their response to Paragraph 67 of the Complaint, which they allege reveal confidential information regarding "the process for development and/or manufacturing the Defendants' Prefilled Syringe Product." Geliebter Decl. ¶ 4; *See* Index [Ex. A]. They describe the information as "highly sensitive and proprietary that is confidential, has been kept confidential, and not otherwise disseminated to the public or competitors." *Id.* They contend that disclosure of the information "would give potential competitors insight into the parties' confidential and proprietary operations for developing and manufacturing Defendants' Prefilled Syringe Product, which could give potential competitors an unfair advantage in a highly competitive marketplace." *Id.* ¶ 5.

It is well established that there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). This right of access is not absolute, however, and must be balanced against countervailing interests in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (citation omitted); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate that "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *See* L. CIV. R. 5.3(c)(3). "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." *Faulman v. Sec. Mut. Fin. Life Ins.*, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006) (alteration in original) (citations omitted); *see In re Gabapentin Patent Litig.*, 312 F. Supp. 2d. 653, 644 (D.N.J. 2004) ("A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"); *see also* FED. R. CIV. P. 26(c)(1)(G). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, will not establish good cause. *Pansy*, 23 F.3d at 786 (citation omitted). Furthermore, "a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." *In re: Benicar (Olmesarten) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

Here, the Nevakar Defendants satisfy the requirements of Local Civil Rule 5.3. They have sufficiently described the nature of the materials they seek to redact and seal, and narrowly tailored their request to legitimate privacy interests. The Nevakar Defendants seek to redact a single paragraph of their Answer, which generally describes confidential and proprietary business information, including information not available to the public. The information sought to be redacted includes highly sensitive information pertaining to the parties' development and manufacturing of the Nevakar Defendants' Prefilled Syringe Product. *See* Geliebter Decl. ¶ 4. If this highly sensitive information is not sealed, Defendants contend "it would give potential

competitors insight into the Nevakar Defendants' proprietary and confidential operations, including development and manufacturing processes, which would give such potential competitors an unfair advantage." *Id.* ¶ 6.

The Court finds, as the Nevakar Defendants contend, if certain information in their Answer were made publicly available, the Nevakar Defendants' present and future business interests could be subject to financial harm. Similarly, given the narrow tailoring of the Nevakar Defendants' request and the sensitivity of the information sought to be protected, the Court agrees that the only way to protect the Nevakar Defendants' legitimate privacy interests is to redact the subject materials.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **27th** day of **January**, **2023**, that Defendants' Motion to Seal [ECF No. 31] is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to maintain under seal Defendants' Answer [ECF No. 24]; and it is further

**ORDERED** that to the extent not already done, the parties shall file a redacted copy of their Answer [ECF No. 24] in accordance with this Order by **February 10, 2023**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.