**[ECF No. 89]**

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **NEXUS PHARMACEUTICALS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**NEVAKAR, INC. ET AL et al.,**<br><br>Defendants. | Civil No. 22-5683 (RMB/SAK) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Leave to Amend Defendants' Noninfringement Contentions pursuant to Local Patent Rule 3.7 [ECF No. 89] filed by Defendants Par Sterile Products, LLC, Par Pharmaceutical, Inc., Endo Ventures Unlimited Company, Operand Pharmaceuticals III Limited, Nevakar, Inc., and Nevakar Injectables, Inc. (collectively, "Defendants"). The Court considered Defendants' moving papers [ECF Nos. 89, 90], Plaintiff's opposition [ECF No. 118], and Defendants' reply [ECF No. 123]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the motion is **DENIED**.

### I.   BACKGROUND

On September 23, 2022 Plaintiff Nexus Pharmaceuticals, Inc., the holder of U.S. Patent No. 11,426,369 (the "'369 patent") filed this action pursuant to 25 U.S.C. § 1 *et seq.* and 28 U.S.C. § 2201 *et seq.*, alleging infringement of its '369 patent. [ECF No. 1]. On October 11, 2022 Plaintiff, also the holder of U.S. Patent No. 11,464,752 (the "'752 patent") filed a separate action alleging infringement of its '752 patent. *See* Compl. [Docket No. 22-6030, ECF No. 1]. On December 6,

2023, both cases were consolidated with this case designated the lead case. *See* Order, December 6, 2022 [ECF No. 38]. On March 9, 2023 Plaintiff filed a First Amended Complaint alleging that Defendants infringed not only on its '369 and '752 patents, but also on U.S. Patent No. 11,571,398 (the "'398 patent"), which was issued to Plaintiff on February 7, 2023. *See* First Am. Compl. ¶¶ 1,2, 64 [ECF No. 77]. All three patents relate to ready-to-use ephedrine sulfate composition syringe product for the treatment of hypotension occurring in the setting of anesthesia. *See id.* ¶¶ 1,55, 58, 62, 66. Plaintiff alleges that Defendants began a concerted effort to sell Defendants' manufactured prefilled syringe products before the expiration of Plaintiff's patents. *See* Compl. ¶¶ 77, 47. Plaintiff further alleges that Defendants' prefilled syringe product infringes on all three patents, and it seeks monetary, declaratory, and injunctive relief. *See id.* ¶¶ 89–188.

In their present application, Defendants move for leave to amend their noninfringement contentions with respect to claims 1-9 of the '398 patent and claims 1-16 of the '752 patent. *See* Defs. Br. at 1. Specifically, Defendants seek leave to amend their noninfringement contentions with respect to the limitation "sterilized," which they assert is a required element of every claim of the '398 and '752 patents. *See id.*

The initial scheduling order set January 4, 2023 as the deadline for disclosure of asserted claims and infringement contentions, and February 20, 2023 as the deadline for disclosure of noninfringement contentions and responses. *See* Dec 1, 2022 Scheduling Order [ECF No. 37]. Plaintiff timely served its initial infringement contentions on January 4, 2023, containing contentions as to the '369 and '752 patents. *See* Pl.'s Br. at 2. On February 20, 2023, Defendants timely responded by serving their noninfringement contentions and responses relating to the same two patents. *See* Defs. Br. at 1. In light of a proposed amended complaint adding the '398 patent to Plaintiff's infringement claims, the parties filed a stipulation on March 2, 2023 agreeing to

2

extend the deadlines for serving amended infringement and noninfringement contentions. [ECF No. 74]. By Order dated March 3, 2023, the Court adopted the parties' stipulations, thereby requiring Plaintiff to serve amended infringement contentions as to all three patents by March 21, 2023, and Defendants to serve amended noninfringement and invalidity contentions for all three patents by March 31, 2023. [ECF No. 75]. On March 21, 2023, Plaintiff timely served its supplemental infringement contentions. *See* Pl.'s Br. at 3. On March 31, 2023, Defendants timely served amended noninfringement contentions as to all three patents. *See* Defs. Br. at 2.

In support of their application for leave to amend, Defendants state that "Nexus's addition of the '398 patent to the case on March 3, 2023, prompted them to review their prior contentions. That review, they claim, together with their claim construction preparations and consultations with experts, "brought to light that the term "sterilized" should have [a] narrow construction." Defs. Br. at 1. Defendants allege that under their proposed construction of the term "sterilized," their prefilled syringe product "would not infringe the asserted claims of the '398 and '752 patents." *Id*. As a further basis for their motion, Defendants claim that based on Plaintiff's initial infringement contentions, Defendants "understood Nexus to consider Defendants' manufacturing process relevant to the claim term "sterilized." *Id.* However, Defendant asserts, "[b]ased on Nexus's Supplemental Infringement Contentions . . . it became clear that that was not the case." *Id*. This, they claim, represents a "previously unpresented position from Nexus." *Id.*

Defendants argue that this "discrepancy" in Plaintiff's supporting evidence for the respective "sterilizing" limitations of the '752 and '398 patents, establishes good cause for leave to amend. Defs. Br. at 4. Defendants elaborate that Plaintiff's "Initial Infringement Contentions for the '752 patent identified a 'Manufacturing Process Flow Diagram' from Defendants' New Drug Application as alleged support for the claim language '[a] pharmaceutical composition

3

comprising: a packaged syringe containing a <u>sterilized</u> ready-to-use ephedrine composition comprising.'" Defs. Br. at 4; *see also* Defs. Ex. B at 4. Defendants assert that Plaintiff's supplemental infringement contentions did not rely on this previously identified "Manufacturing Process Flow Diagram" as support for the '398 patent claim language "removing, from sealed packaging, a syringe containing a <u>sterilized</u> ready-to-use ephedrine composition comprising." Defs. Br. at 4-5; *see also* Defs. Ex. C at 4. Defendants aver that Plaintiff instead relied on a passage from Defendants' label that describes the solution as "sterile." *Id.* Defendants aver that based on the alleged discrepancy, it appears that Plaintiff's infringement contentions now broadly construe the claim term "sterilize" to "cover any manner of sterilization" while it previously construed the term to cover the "manner in which the solution is sterilized." Defs. Br. at 5.

Defendants state that on April 18, 2023, they first advised Plaintiff of their intent to amend their noninfringement contentions to add the term "sterilized." Defs. Br. at 2. They state that they exchanged proposed terms for claim construction on April 19, 2023, at which time they identified the term "sterilized" as requiring construction. *Id.* After some discussions as to Defendants' proposed amendment, Plaintiff advised Defendants on April 26th that it did not consent to Defendants' proposed amendment. *Id.* Defendant then filed the instant motion on May 3, 2023. Defendants claim that their motion is timely as it was brought less than seven weeks after Plaintiffs presented its new position and less than five weeks after Defendants served their Supplemental Noninfringement Contentions. *Id.* at 1. Lastly, Defendants argue that Plaintiff will not suffer undue prejudice as a result of this amendment. *Id.* at 2. They state that expert reports have not yet been produced and the parties have time to prepare their case before the discovery deadline expires. *Id.* at 6.

Plaintiff opposes Defendants' motion on claims that the motion is untimely. Pl.'s Br. at 5. It argues that the parties have already completed all claim construction exchanges. *Id.* It further argues that deadlines for noninfringements contentions have long passed, stating that the initial deadline for noninfringement contentions was February 20, 2023, and the deadline for supplemental noninfringement contentions was March 31, 2023. *Id.* Plaintiff states that Defendants had the opportunity to supplement their noninfringement contentions on March 31, 2023 but "chose not to identify any additional noninfringement positions related to the '752 patent at that time." *Id*.

Plaintiff further argues that Defendants' motion is not supported by good cause because Plaintiff has no position that was not previously presented or that was not reasonably anticipated. *See* Pl.'s Br. at 5. It argues that "Defendants have not demonstrated any basis to show that the inclusion of the 'Manufacturing Process Flow Diagram' represents any change in position by Nexus." *Id.* at 6-7. It argues that although the "Manufacturing Process Flow Diagram" is identified in connection with some claim terms of the earlier patents that include the word sterilized, it is also identified in connection with multiple limitations that do not use the term "sterilized." *Id.* at 3. Citing to the parties' Joint Claim Construction and Prehearing Statement [ECF No. 95], Plaintiff asserts that it has consistently taken the position "that the sterilized claim limitation should be given its ordinary and customary meaning." *Id.* at 4. Furthermore, Plaintiff avers that Defendants have identified no other support for their contention that the exclusion of the Manufacturing Process Flow Diagram in the '398 patent chart represents any change in Plaintiff's position regarding the '752 or '369 patents. *Id.*

Lastly, Plaintiff submits that it would be unduly prejudiced if the relief sought by Defendants was granted. Plaintiff asserts that Defendants still have not provided any written basis

5

for the proposed amendments although the Local Patent Rules require service of noninfringement contentions, which are to include these written bases, in advance of the claim construction exchange. Plaintiff notes that the parties have already made claim construction exchanges. Pl.'s Br. at 8. Plaintiff states that it relied on the noninfringement contentions Defendants provided in accordance with the agreed schedule, and should not be required to address changed positions at this late date. *Id.*

In reply, Defendants argue that their motion was timely. They reject Plaintiff's claim that the motion is untimely because the parties completed claim construction, noting that they notified Plaintiff of their intent to seek leave to amend as to the term "sterilized" before the parties exchanged proposed claim terms for construction. Defs. Reply Br. at 1. In reply to Plaintiff's argument that Defendants could have supplemented their noninfringement contentions by the March 31, 2023 deadline, Defendants countered that they notified Plaintiff of their intent to amend promptly after they received Plaintiff's supplemental infringement contentions and consulting with experts. *See* Defs. Reply Br. at 1.

Defendants also reply that this motion is supported by good cause. They reiterate that the addition of a new patent on March 3, 2023 and Nexus's Supplemental Infringement Contentions on March 21, 2023 "precipitated [Defendants'] review of their prior contentions," making the facts of this case analogous to *Eisai R&D Mgmt. Co. v. Shilpa Medicare Ltd.*, 656 F. Supp. 3d 515, 518 (D.N.J. 2023). They state that following that review, while preparing for claim construction and consulting with experts—both of which continued into April 2023, Defendants recognized the need to amend their noninfringement contentions. They argue that like the defendant in *Eisai*, they promptly sought to amend upon learning of the need to amend the contentions." *Id.*

6

Defendants reiterate their contention that Plaintiff's failure to include the "Manufacturing Process Flow Diagram" in support of its '398 patent suggests that Plaintiff is "reading the term "sterilized" broadly to cover any manner of sterilization." Defs. Reply Br. at 3. They state that contrary to Plaintiff's assertion, the Flow Diagram illustrates both the process by which the syringe is packaged and a confidential process by which it is sterilized. *Id*.

Lastly, Defendants reply that Plaintiffs cannot claim undue prejudice by the amendment as "it was Nexus' change in positions that forced Defendants to seek to amend. Nexus cannot be unduly prejudiced by an issue that it created for itself." Defs. Reply Br. at 4.

## II.     DISCUSSION

### A.     Legal Standard

Local Patent Rule 3.7 governs amendments to contentions in the District of New Jersey. More broadly, the Local Patent Rules:

> [E]xist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases. The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. Distinguishable from the liberal standard for amending the pleadings, the philosophy behind amending claim charts [and contentions] is decidedly conservative and designed to prevent the "shifting sands" approach to claim construction. However, Rule 3.7 is not a straitjacket into which litigants are locked from the moment their contentions are served, but instead, a modest degree of flexibility [exists], at least near the outset.

*Cambria Co. LLC v. Hirsch Glass Corp.*, No. 21-10092, 2023 WL 5939657, at *2 (D.N.J. Sept. 12, 2023) *citing King Pharms., Inc. v. Sandoz Inc.*, Civ. No. 08-5974, 2010 WL 2015258, at *4 (D.N.J. May 20, 2010) (internal citations and quotation marks omitted).

In pertinent part, Local Patent Rule 3.7 provides that "[a]mendment of any contentions, disclosures, or other documents required to be filed or exchanged pursuant to these Local Patent Rules may be made *only* by order of the Court upon a timely application and showing of good cause." L.

PAT. R. 3.7. "The key factor courts look at to determine whether good cause exists to grant an amendment to a contention is the diligence of the moving party." *Horizon Pharma AG v. Watson Lab'ys, Inc.-Fla.*, No. 13-5124, 2015 WL 12850575 at *2 (D.N.J. Feb. 24, 2015). To establish good cause, the parties must "proceed with diligence in amending when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366–68 (Fed.Cir.2006). Moreover, a party must not only prove that it was diligent in seeking leave to amend, but also prove that it was diligent in discovering the basis for the proposed amendment. *Id.*; *see also Janssen Prod., L.P.*, 2013 WL 1966051, at *4 (D.N.J. May 9, 2013), *aff'd,* No. CIV. 10-5954 WHW, 2013 WL 3086378 (D.N.J. June 18, 2013). The party seeking to amend bears the burden of establishing diligence. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed. Cir. 2006).

In addition to its consideration of good cause, courts may also consider "(1) the reason for the delay, including whether it was within the reasonable control of the party responsible for it; (2) the importance of what is to be disclosed; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, No. 19-18756, 2021 WL 6774679, at *5 (D.N.J. Mar. 26, 2021) (citing *Oy Ajat, Ltd. v. Vatech Amer., Inc.*, No. 10-4875, 2012 WL 1067900, at *20 (D.N.J. Mar. 29, 2012)).

Prejudice to the non-moving party is considered only if the moving party has made the requisite showing of diligence. *AstraZeneca AB v. Dr. Reddy's Lab'ys Inc.* No. 11-2317, 2013 WL 1145359, at *5. Whether to permit an amendment under Local Patent Rule 3.7 rests in the Court's sound discretion. *See, e.g.*, *Celgene Corp. v. Natco Pharma Ltd.*, Civ. No. 10-5197 (SDW), 2015 WL 4138982, at *3 (D.N.J. July 9, 2015).

**B.     Analysis**

Defendants seek to amend its noninfringement contentions to add a narrow construction for the term "sterilized." Pursuant to Local Patent Rule 3.7, the Court assesses whether Defendants' motion is timely. Defendants state that they were prompted to review their prior noninfringement contentions after Plaintiff added a new patent to the case, in the course of claim construction preparations and in the course of consulting with experts. They did not state, however, at what point information came to light indicating that they should seek to amend their noninfringement contentions. They state that they first advised Plaintiff of this intent on April 18, 2023. After apparent discussions with Plaintiff, Plaintiff advised Defendants on April 26th, that it did not consent to the motion. Within one week of being advised that Plaintiff did not consent to the amendment, Defendants filed their formal motion. Assuming that on or around April 18th, Plaintiff obtained information indicating that leave to amend should be sought, the Court finds that the May 3, 2023 filing of their motion was timely. Between April 18th and April 26th, Defendants reasonably sought to obtain Plaintiff's consent for leave to amend. Once advised that Plaintiff did not consent, the formal motion was filed one week later—a relatively short period of time.

The Court now considers whether Defendants established good cause to amend their noninfringement contentions. To determine whether good cause exist to grant the amendment, Defendants must demonstrate that they proceeded with diligence. *See Horizon Pharma AG*, 2015 WL 12850575 at *2. Defendants argue that this standard is satisfied. They rely on *Eisai R&D Mgmt. Co. v. Shilpa Medicare Ltd.* for the proposition that "good cause exists when a patentee brings into a case a new patent that is substantially like those already in suit and therefore 'prompt[s] Defendants' review of their prior' contentions." Defs. Br. at 4; *see also Eisai R&D Mgmt.*, 656 F. Supp. 3d at 515, 518.

9

Defendants argue that like the *Eisai* defendant, the addition of a new patent and Plaintiff's supplemental infringement contentions in this case, "precipitated [Defendants'] review of their prior contentions." Defs. Reply Br. at 2. They claim that following that review, in the course of preparing for claim construction and consulting with experts, they recognized the need to amend their noninfringement contentions. *See id*. The Court finds that Defendants' similarities with *Eisai* largely end there. The proposed amendment in *Eisai* involved "complex analytical chemistry issue,"[1] while the proposed amendment in this case stems from a questionable "discrepancy" in Plaintiff's position relating to the claim term "sterilized." In *Eisai*, the defendant articulated a history of diligence and proactivity in the claim contention discovery process. The Court in *Eisai* made the following findings:

> [The defendant] was diligent in its preparation of its initial contentions; having met with numerous experts on multiple occasions [the defendant] produced invalidity and noninfringement contentions totaling over 142 pages setting forth multiple defenses. After serving its contentions, [the defendant] promptly provided Plaintiffs with clarification as to a miscited prior art reference. Likewise, upon receipt of Plaintiffs' contentions and discovery of certain typographical errors in its claim charts, [the defendant] again promptly provided clarification.

*Eisai R&D Mgmt.,* 656 F. Supp. 3d at 515, 518. Defendants in this case have articulated little more than barebone assertions that they were prompted to review prior contentions in light of the addition of a new patent to the case, Plaintiff's supplemental infringement contentions, preparation for claim construction, and consultation with experts. Defendants failed to address that the proposed addition of the '398 patent to the case was known by at least March 2, 2023[2], but that the supplemental noninfringement contention due one month later on March 31st, did not include

---

[1] *See Eisai R&D Mgmt.*, 656 F. Supp. 3d at 515.

[2] On March 2, 2023, the parties submitted a stipulation consenting to amending the complaint to include the '398 patent and extending the deadlines to serve infringement and noninfringement contentions.

10

the proposed amendment that is the subject of this motion. Moreover, in selecting or agreeing to the March 31st deadline, the exercise of diligence should have contemplated adequate time to assess whether amendments were warranted. Even if Defendants were still reviewing prior contentions and consulting with experts as the March 31st deadline approached, Defendants could have sought to extend this deadline. This was not done. Nor do Defendants address this lapse. In Plaintiff's opposition brief, Plaintiff also assert that it had not yet received any written basis for Defendants' proposed amendments, which they claim should have been included with the proposed amendment and in advance of the claim construction exchange. In its reply brief, Defendants also failed to address this assertion, which bears on their diligence. Defendants fall short in articulating the actions taken to demonstrate that they proceeded with diligence in discovering the basis for the amendment sought.

Defendants also assert that Plaintiff's supplemental infringement contentions for the '398 patent do not include the "Manufacturing Process Flow Diagram" document that was identified in connection with Plaintiff's infringement contentions for multiple claim limitations of the '369 and '752 patents. They argue that this constitutes a change in Plaintiff's claim position regarding the claim term "sterilized." They suggest that Plaintiff's infringement contentions now broadly construe the claim term "sterilize" to "cover any manner of sterilization" rather than the "manner in which the solution is sterilized." They suggest that this creates a discrepancy in Plaintiff's position, evidencing good cause for leave to amend their contentions. The Court is not persuaded that the perceived discrepancy is sufficiently meaningful to warrant an amendment to Defendants' contentions. Despite Plaintiff's use of a particular flow chart to support infringement contentions for the first two patents, and the omission of this flow chart to support infringement contentions for the '398 patent, Plaintiff maintains that it has consistently taken the position that the sterilized claim limitation should be given its ordinary and customary meaning. Their argument is supported

11

by its position contained in the parties' Joint Claim Construction and Prehearing Statement, which was filed on May 15, 2023—after the filing of the instant motion. Plaintiff also explains that the "Manufacturing Process Flow Diagram" in contentions relating to the first two patents was used to the illustrate the process by which the syringe is packaged. Pl.'s Br. at 7. Plaintiff further explains that "[t]he limitation of the '398 patent is directed instead to removing a syringe from sealed packaging." *Id.* The Court finds that the alleged discrepancy does not establish good cause to warrant an amendment.

As the moving party, Defendants bear the burden of establishing that they acted with diligence. *02 Micro Int'l Ltd.*, 467 F.3d at 1366. Here, Defendants have not satisfied their burden. "[A] good cause showing requires diligence throughout the discovery process and the moving party not only must act promptly upon discovery of new information, but must also establish that it was diligent in its search. *Janssen Pharm., Inc. v. Sandoz, Inc.,* No. 11-7247, 2013 WL 7901841 at *6 (D.N.J. May 22, 2013). Here, Defendants concede that they were prompted to review prior contentions in the course of their claim construction preparation. They do not state when the review of the prior contentions occurred. In light of the March 31, 2023 deadline for amending their contentions, this review may have occurred too late. Defendants simply have not articulated the facts necessary to establish their diligence throughout the discovery process or in the process of determining whether amendments to their contentions were warranted.

While the failure to establish diligence is sufficient for the Court to deny Defendants' proposed amendments, the Court will nevertheless briefly discuss the prejudice to Plaintiff. *See 02 Micro Int'l Ltd.*, 467 F.3d at 1366; *see also Jazz Pharms., Inc. v. Roxane Labs., Inc.*, Civ. No. 10–6108 (ES), 2013 WL 785067, at *5 (D.N.J. Feb. 28, 2013) (stating that "[o]nly if the moving party is able to show diligence may the court consider the prejudice to the non-moving party"). Plaintiff submits that it would be unduly prejudiced if the relief sought by Defendants was granted. Plaintiff

12

asserts that Defendants still have not provided any written basis for the proposed amendments as required by the Local Patent Rules. Plaintiff also notes that the parties have already made claim construction exchanges. Plaintiff states that it relied on Defendants' noninfringement contentions produced in accordance with the agreed schedule, and should not be required to address changed positions at this late date.

Defendants argue that Plaintiff will not suffer undue prejudice as a result of the requested amendment. They state that expert reports have not yet been produced and the parties have time to prepare their case before the discovery deadline expires. Defendants also argue that Plaintiff cannot claim undue prejudice by the amendment as it was Plaintiff's change in positions that forced Defendants to seek to amend. The Court agrees that Plaintiff will be prejudiced if Defendants were granted leave to amend. Substantial discovery has been taken, including claim construction exchanges. The Court also notes that the Joint Claim Construction and Preliminary Statement was filed [ECF No. 95]. Plaintiff's Opening Claim Construction Brief and Defendants' Responsive Brief were also filed [ECF Nos. 126, 150]. The Court finds that if Defendants were granted leave to amend their noninfringement contentions, the prejudice to Plaintiff will be substantial.

The Court denies Defendants' application because they have not demonstrated diligence, and thus lacks good cause to amend their noninfringement contentions.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **31st** day of **December**, **2023**, that Defendants' Motion for Leave to Amend Defendants' Noninfringement Contentions [ECF No. 89] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Renée Marie Bumb, Chief Judge