[ECF No. 124]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

---

**NEXUS PHARMACEUTICALS, LLC,**

   **Plaintiff,**

  **v.**

**NEVAKAR, INC.** et al,

   **Defendants.**

---

**Civil No. 22-5683 (RMB/SAK)**

### OPINION AND ORDER

This matter is before the Court on the Joint Motion to Seal Portions of the Joint Claim Construction and Discovery Dispute Letters [ECF No. 124]. The motion is filed on behalf of Plaintiff Nexus Pharmaceuticals, LLC ("Plaintiff") and Defendants Par Sterile Products, LLC, Par Pharmaceutical, Inc., Endo Ventures Unlimited Company, and Operand Pharmaceuticals III Limited (collectively, "Defendants"). The motion is supported by the Declaration of Aziz Burgy, Esquire, counsel for Defendants [ECF No. 124-1] and an Index [ECF No. 124-2]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the motion is **GRANTED.**

On September 23, 2022, Plaintiff Nexus Pharmaceuticals, Inc., the holder of U.S. Patent No. 11,426,369 (the "'369 patent") filed this action pursuant to 25 U.S.C. § 1 *et seq.* and 28 U.S.C. § 2201 *et seq.*, alleging infringement of its '369 patent. [ECF No. 1]. On October 11, 2022, Plaintiff, also the holder of U.S. Patent No. 11,464,752 (the "'752 patent") filed a separate action alleging infringement of its '752 patent. *See* Compl. [Docket No. 22-6030, ECF No. 1]. On

December 6, 2023, both cases were consolidated with this case designated the lead case. *See* Order, December 6, 2022 [ECF No. 38]. On March 9, 2023, Plaintiff filed a First Amended Complaint alleging that Defendants infringed not only on its '369 and '752 patents, but also on U.S. Patent No. 11,571,398 (the "'398 patent"), which was issued to Plaintiff on February 7, 2023. *See* First Am. Compl. ¶¶ 1,2, 64 [ECF No. 77]. All three patents relate to ready-to-use ephedrine sulfate composition syringe product for the treatment of hypotension occurring in the setting of anesthesia. *See id.* ¶¶ 1,55, 58, 62, 66. Plaintiff further alleges that Defendants' prefilled syringe product infringes on all three patents. *See id.* ¶¶ 89–188.

On June 15, 2023, the parties filed the instant motion to seal certain documents. Specifically, they seek to seal portions of the Joint Claim Construction and Prehearing statement filed on May 15, 2023 [ECF No. 95], Exhibits 5 and 6 to Plaintiff's May 11, 2023 letter to the Court [ECF Nos. 93-5 and 93-6], Exhibits B and D to the May 11, 2023 letter from Defendants to the Court [ECF Nos. 94-2 and 94-3], the May 18, 2023 letter from Plaintiff to the Court [ECF No. 96], and the May 18, 2023 letter, with Exhibits 1 and 2, from Defendants to the Court [ECF Nos. 97, 97-1, 97-2] (collectively, the "Confidential Material"). Defendants allege that the Confidential Material "[d]iscloses confidential proprietary business information that is not available to the public or competitors." *See* Index [ECF No. 124-2]. They further allege that they "regard this information as highly sensitive and proprietary, maintain its confidentiality, and do not otherwise disseminate the information to the public." *Id.* Plaintiff asserts that the Confidential Material "contains highly confidential commercial information regarding Plaintiff's internal business processes and other sensitive business information." *Id.* The parties jointly allege that if the Confidential Material were disclosed "[p]otential competitors could gain insight into the Par Defendants' and Nexus's confidential and proprietary operations, including the Par Defendants'

2

manufacturing processes and product." *Id.* The parties further allege that "[p]otential competitors could use this information to compete unfairly, such as by making a competing product." *Id.*

It is well established that there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). This right of access is not absolute, however, and must be balanced against countervailing interests in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (citation omitted); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate that "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. See L. CIV. R. 5.3(c)(3). "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." *Faulman v. Sec. Mut. Fin. Life Ins.*, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006) (alteration in original) (citations omitted); *see In re Gabapentin Patent Litig.*, 312 F. Supp. 2d. 653, 644 (D.N.J. 2004) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.

1984) ("A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"); see also FED. R. CIV. P. 26(c)(1)(G). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, will not establish good cause. *Pansy*, 23 F.3d at 786 (citation omitted). Furthermore, "a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." *In re: Benicar (Olmesarten) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

Here, the parties satisfy the requirements of Local Civil Rule 5.3. They have sufficiently described the nature of the materials they seek to seal, and have narrowly tailored their requests to their legitimate privacy interests. The parties seek to seal the following information:

| Document | Material to be Sealed |
|---|---|
| Joint Claim Construction and Prehearing Statement [ECF No. 95] | Document Title; the second sentence and subsequent parentheticals of Footnotes 3, 8, 11 and 14; the second sentence through part of the third sentence of Footnote 17; and the second sentences and subsequent parentheticals of Footnotes 20, 22, and 24. |
| Exhibit 5 to the May 11, 2023 Letter from Plaintiff to Court [ECF No. 93-5] | A portion of the April 21, 2023 letter from R. Camposanto to L. Lesko, which includes the second sentence in the last paragraph in point IV(c)(4) of the letter. |
| Exhibit 6 to the May 11, 2023 Letter from Plaintiff to Court [ECF No. 93-6] | A portion of the May 4, 2023 letter from R. Camposanto to L. Lesko, which includes the last sentence in point III of the letter. |
| Exhibit B to the May 11, 2023 Letter from Defendants to the Court, Exhibit B [ECF No. 94-2] | A portion of the April 21, 2023 letter from R. Camposanto to L. Lesko, which includes: (a) a portion of a sentence in paragraph I(B)(5); and (b) the second sentence in the last paragraph in point IV(c)(4) of the letter (same document as ECF 93-5). |

| | |
|---|---|
| Exhibit D to the May 11, 2023 Letter from Defendants to the Court [ECF No. 94-4] | A portion of the April 28, 2023 letter from L. Lesko to R. Camposanto, which includes a portion of the last sentence in the first paragraph in part III of the letter, portions of the first sentence in the second paragraph in part III of the letter, and portions of the penultimate sentence in the last paragraph in part III of the letter. |
| May 18, 2023 Letter from Plaintiff to Court [ECF 96] | A portion of the second sentence in the second paragraph of part I of the letter. |
| May 18, 2023 Letter from Defendants to Court [ECF No. 97] | The second sentence of the last paragraph of section I of the letter. |
| Exhibit 1 to the May 18, 2023 Letter from Defendants to Court [ECF No. 97-1] | A portion of the April 28, 2023 letter from L. Lesko to R. Camposanto, which includes a portion of the last sentence in the first paragraph in part III of the letter, portions of the first sentence in the second paragraph in part III of the letter, and portions of the penultimate sentence in the last paragraph in part III of the letter. (same document as ECF No. 94-4). |
| Exhibit 2 to the May 18, 2023 Letter from Defendants to Court [ECF No. 97-2] | A portion of the May 4, 2023 letter from R. Camposanto to L. Lesko, which includes the last sentence in point III of the letter. (same document as ECF No. 93-6). |

*See* Index [ECF No. 124-2]. The parties articulate a legitimate private interest for sealing the Confidential Material. Defendants represent that the material reflects proprietary, confidential and sensitive business information that is not available to the public or competitors. *See* Burgy Decl. ¶ 4. Plaintiff similarly asserts that the Confidential Material "contains highly confidential commercial information regarding Plaintiff's internal business processes and other sensitive business information." *see* Index [ECF No. 124-2]. Defendants contend that if this information is not sealed, it would give potential competitors "an unfair advantage in a highly competitive marketplace." *Id.* at ¶ 5. They suggest that "a competing pharmaceutical company could unfairly use that information to make a competing product, or use the Par Defendants' proprietary

5

regulatory strategies to secure earlier approval of its New Drug Application or an Abbreviated Drug Application, causing harm to Defendants." *See id.* The Court agrees that disclosure of the Confidential Material can cause the stated harm.  The Court also agrees that given the narrow tailoring of the parties' request and the sensitivity of the information sought to be protected, the only way to protect the parties' legitimate privacy interests is to seal the Confidential Material.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **31st** day of **January 2024**, that the Joint Motion to Seal Portions of the Joint Claim Construction and Discovery Dispute Letters [ECF No. 124] is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to maintain under seal Defendants' Joint Claim Construction and Prehearing statement filed on May 15, 2023 [ECF No. 95], Exhibits 5 and 6 to Plaintiff's May 11, 2023 letter to the Court [ECF Nos. 93-5 and 93-6], Exhibits B and D to the May 11, 2023 letter from Par Defendants to the Court [ECF Nos. 94-2 and 94-3], the May 18, 2023 letter from Plaintiff to the Court [ECF No. 96], and the May 18, 2023 letter, with Exhibits 1 and 2, from Par Defendants to the Court [ECF Nos. 97, 97-1, 97-2]; and it is further

**ORDERED** that to the extent not already done, the parties shall file a redacted copy of Par Defendants' Joint Claim Construction and Prehearing statement filed on May 15, 2023 [ECF No. 95], Exhibits 5 and 6 to Plaintiff's May 11, 2023 letter to the Court [ECF Nos. 93-5 and 93-6], Exhibits B and D to the May 11, 2023 letter from Par Defendants to the Court [ECF Nos. 94-2 and 94-3], the May 18, 2023 letter from Plaintiff to the Court [ECF No. 96], and the May 18, 2023

letter, with Exhibits 1 and 2, from Par Defendants to the Court [ECF Nos. 97, 97-1, 97-2], in

accordance with this Order by **February 14, 2024**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée Marie Bumb, Chief Judge