[ECF No. 125]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

NEXUS PHARMACEUTICALS, LLC,

                Plaintiff,

      v.

NEVAKAR, INC. et al.,

                Defendants.

Civil No. 22-5683 (RMB/SAK)

### <u>OPINION AND ORDER</u>

This matter is before the Court on the unopposed motion to seal filed by Defendants Par Sterile Products, LLC, Par Pharmaceutical, Inc., Endo Ventures Unlimited Company, and Operand Pharmaceuticals III Limited [ECF No. 125] (collectively "Defendants"). Defendants seek to seal portions of the documents filed in connection with their motion to amend their noninfringement contentions [ECF Nos. 90, 118 and 123]. Defendants' motion is supported by the Declaration of Aziz Burgy, Esquire [ECF No. 125-1] and an Index [ECF No. 125-2]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendants' motion is **GRANTED**.

On September 23, 2022, Plaintiff Nexus Pharmaceuticals, Inc., the holder of U.S. Patent No. 11,426,369 (the "'369 patent") filed this action pursuant to 25 U.S.C. § 1 *et seq.* and 28 U.S.C. § 2201 *et seq.*, alleging infringement of its '369 patent. [ECF No. 1]. On October 11, 2022, Plaintiff, also the holder of U.S. Patent No. 11,464,752 (the "'752 patent") filed a separate action alleging infringement of its '752 patent. *See* Compl. [Docket No. 22-6030, ECF No. 1]. On December 6, 2023, both cases were consolidated with this case designated the lead case. *See* Order,

December 6, 2022 [ECF No. 38]. On March 9, 2023, Plaintiff filed a First Amended Complaint alleging that Defendants infringed not only on its '369 and '752 patents, but also on U.S. Patent No. 11,571,398 (the "'398 patent"), which was issued to Plaintiff on February 7, 2023. *See* First Am. Compl. ¶¶ 1,2, 64 [ECF No. 77]. All three patents relate to ready-to-use ephedrine sulfate composition syringe product for the treatment of hypotension occurring in the setting of anesthesia. *See id.* ¶¶ 1,55, 58, 62, 66. Plaintiff further alleges that Defendants' prefilled syringe product infringes on all three patents. *See id.* ¶¶ 89–188.

Defendants now move to seal portions of the documents filed in connection with their motion to amend their noninfringement contentions. They seek to seal their memorandum of law in support of their motion [ECF No. 90]; Exhibit 1 to their memorandum of law [ECF No. 90-2]; Exhibit 2 to their memorandum of law [ECF No. 90-3], Exhibit 3 to their memorandum of law [ECF No. 90-4], Plaintiff's opposition brief [ECF No. 118], Exhibit A to Plaintiff's opposition brief [ECF No. 118-2], Exhibit B to Plaintiff's opposition brief [ECF No.118-3], Defendants' reply brief [ECF No. 123], and Exhibit 1 to Defendants' reply brief [ECF No. 123-2] (collectively, the "Confidential Material"). Defendants state that the Confidential Material reflects proprietary, confidential and sensitive business information that is not available to the public or competitors. *See* Burgy Decl. ¶ 5. They contend that if the Confidential Material were disclosed, "[p]otential competitors could gain insight into the Par Defendants' confidential and proprietary operations, including the Par Defendants' manufacturing processes and product." *See* Index [ECF No. 125-2]. They further allege that "[p]otential competitors could use this information to compete unfairly, such as by making a competing product." *Id.*

It is well established that there exists a "common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn*

*v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). This right of access is not absolute, however, and must be balanced against countervailing interests in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (citation omitted); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate that "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at \*2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *See* L. CIV. R. 5.3(c)(3). "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." *Faulman v. Sec. Mut. Fin. Life Ins.*, No. 04-5083, 2006 WL 1541059, at \*1 (D.N.J. June 2, 2006) (alteration in original) (citations omitted); *see In re Gabapentin Patent Litig.*, 312 F. Supp. 2d. 653, 644 (D.N.J. 2004) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) ("A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"); *see also* FED. R. CIV. P. 26(c)(1)(G). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however,

3

will not establish good cause. *Pansy*, 23 F.3d at 786 (citation omitted).  Furthermore, "a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." *In re: Benicar (Olmesarten) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

Here, Defendants satisfy the requirements of Local Civil Rule 5.3. They have sufficiently described the nature of the materials they seek to seal, and have narrowly tailored their requests to their legitimate privacy interests. Defendants seek to seal the following information:

| *Document* | *Material to be Sealed* |
|---|---|
| Defendants' Memorandum of Law in Support of Motion for Leave to Amend Noninfringement Contentions [ECF No. 90] | Document Title; portion of the last sentence in the first paragraph of the Introduction; portion of the second to last and last sentences in the second paragraph of the Introduction; portion of the second sentence in the second to last paragraph on page 1; a portion of the first and second sentences in the second paragraph of the Procedural History and Background section on page 2; portions of Section III(B) of the Argument in the first full and second paragraphs on page 4; portions of the second to last and last sentence in the carryover paragraph on page 4 of Section III(B); portions of the second and fourth sentences in Section C of the Argument on page 5. |
| Exhibit 1 to Defendants' Motion for Leave to Amend Noninfringement Contentions [ECF No. 90-2] | Portions of the support for the claim in the chart on pages 1 through 6; 8 through 22; 24-28; 30-35; 40-41; 44- 46; 51-53 of 55. |
| Exhibit 2 to Defendants' Motion for Leave to Amend Noninfringement Contentions [ECF No. 90-3] | Portions of the support for the claim in the chart on pages 3-5; 7-13; 16-28; 30-31; and 33-34 of 41. |
| Exhibit 3 to Defendants' Motion for Leave to Amend Noninfringement Contentions [ECF No. 90-4] | Portions of the April 25, 2023 letter from Lauren Lesko, Esq. to Aziz Burgy, Esq. and Alexandra Haner, Esq., which includes the first sentence of the first paragraph on page 2, a portion of the second sentence of the first paragraph on page 2, the first sentence of the second paragraph on page 2, and portions of the remaining sentences in the second paragraph on page 2. |

| | |
|---|---|
| Plaintiff's Brief in Opposition to Defendants' Motion for Leave to Amend Noninfringement Contentions [ECF No. 118] | Document title; portions of the second to last sentence in the Introduction; portions of the second to last sentence in the first paragraph of the Background; portions of the second and fourth sentences in the Background; portions of the last sentence in the first full paragraph on page 2 of the Background; portions of the first sentence in the second full paragraph on page 2 of the Background; portions of the second and third sentences in the penultimate paragraph on page 3; portions of the first and second sentences in the ultimate paragraph on page 3; the first full sentence on page 4; portions of the second and fourth sentence in the carryover paragraph on page 4; portions of the ultimate paragraph on page 4; portions of the seventh sentence in the first full paragraph on page 6; portions of the first sentence in the ultimate paragraph on page 6; portions of the first and second lines of the carryover paragraph on page 7; and portions of the fourth, fifth, and seventh sentences in the carryover paragraph on page 7. |
| Exhibit A to Plaintiff's Opposition Brief [ECF 118- 2] | Document title; the carryover paragraph from page 6 to page 7; a portion of the second full paragraph on page 7; a portion of the penultimate and ultimate paragraphs on page 10; portions of each of the five paragraphs on page 11; the noninfringement contentions found in Appendix A, from pages 14 through 22. |
| Exhibit B to Plaintiff's Opposition Brief [ECF No. 118-3] | Portions of the support for the claims in the chart, including the last line of the citation on page 1, all of page 2, the carryover sentence to page 3, the last line of the citation on page 3, all of pages 4 and 5, a portion of the chart on pages 6 through 8, all of page 9, a portion of the chart on page 10, all of pages 11 through 14; a portion of the chart on pages 15 through 16; all of page 17; a portion of the chart on pages 18 through 22; all of page 23; a portion of the chart on pages 24 through 30; all of page 31; a portion of the chart on pages 32; all of page 33; a portion of the chart on pages 34 through 38. |
| Defendants' Reply Brief [ECF No. 123] | Document title; a portion of the second sentence in Section II(A) of the Argument section on page 1; portions of the first full paragraph on page 3 in Section II(B) of the Argument section that include the first, second, third, fifth, and sixth sentences. |
| Exhibit 1 to Defendants' Reply Brief (Declaration of Ricardo Camposanto, Esq.) [ECF No. 123-2] | A portion of the first sentence in the first paragraph. |

*See* Index [ECF No. 125-2]. Defendants articulate a legitimate private interest for sealing the Confidential Material. They represent that the material reflects proprietary, confidential and sensitive business information that is not available to the public or competitors. *See* Burgy Decl. ¶ 4. Defendants contend that if this information is not sealed, it would give potential competitors "an unfair advantage in a highly competitive marketplace." *Id.* at ¶ 5. They suggest that "a competing pharmaceutical company could unfairly use that information to make a competing product, or use the Par Defendants' proprietary regulatory strategies to secure earlier approval of its New Drug Application or an Abbreviated Drug Application, causing harm to Defendants." *Id.* at ¶ 6. The Court agrees that disclosure of the Confidential Material can cause the stated harm. The Court also agrees that given the narrow tailoring of Defendants' request and the sensitivity of the information sought to be protected, the only way to protect Defendants' legitimate privacy interests is to seal the Confidential Material.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **31st** day of **January 2024**, that Defendants' Motion to Seal [ECF No. 125] is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to maintain under seal Defendants' memorandum of law in support of their motion [ECF No. 90]; Exhibit 1 to Defendants' memorandum of law [ECF No. 90-2]; Exhibit 2 to Defendants' memorandum of law [ECF No. 90-3], Exhibit 3 to Defendants' memorandum of law [ECF No. 90-4], Plaintiff's opposition brief [ECF No. 118], Exhibit A to Plaintiff's opposition brief [ECF No. 118-2], Exhibit B to Plaintiff's opposition brief [ECF No.118-3], Defendants' reply brief [ECF No. 123], and Exhibit 1 to Defendants' reply brief [ECF No. 123-2] ; and it is further

6

**ORDERED** that to the extent not already done, Defendants shall file a redacted copies of Defendants' memorandum of law in support of their motion [ECF No. 90]; Exhibit 1 to Defendants' memorandum of law [ECF No. 90-2]; Exhibit 2 to Defendants' memorandum of law [ECF No. 90-3], Exhibit 3 to Defendants' memorandum of law [ECF No. 90-4], Plaintiff's opposition brief [ECF No. 118], Exhibit A to Plaintiff's opposition brief [ECF No. 118-2], Exhibit B to Plaintiff's opposition brief [ECF No.118-3], Defendants' reply brief [ECF No. 123], and Exhibit 1 to Defendants' reply brief [ECF No. 123-2], in accordance with this Order by **February 14, 2024**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Renée Marie Bumb, Chief Judge

7